Milton S. Jennings and Ruth B. Jennings v. Commissioner.
Jennings v. Commissioner
Docket No. 54595.
United States Tax Court
T.C. Memo 1957-104; 1957 Tax Ct. Memo LEXIS 146; 16 T.C.M. (CCH) 430; T.C.M. (RIA) 57104; June 26, 1957
*146 Stanley H. Handman, Esq., for the petitioners. Raymond Whiteaker, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax for 1948 in the amount of $3,329.70. The only issue presented is whether petitioner is entitled to a business bad debt deduction in 1948 in the amount of $7,998.20 with respect to loans alleged to have been made by petitioner to Hulseberg & Krudener, Inc., a corporation controlled by him and his brother. Findings of Fact A stipulation of facts filed by the parties is incorporated herein by reference as part of our findings. Petitioners are husband and wife. They filed their 1948 return with the collector of internal revenue for the second district of New York. Milton S. Jennings will hereinafter be referred to as petitioner. Petitioner had been in the food business for a number of years. He and his brother Jerome, beginning about 1925, had purchased various food businesses. In 1946 they combined such of these companies as they then controlled in a single corporation known as "Airline Foods Corp." Each owned a 22 per cent stock interest in Airline Foods; all or a portion *147 of the remaining stock was publicly distributed. Petitioner and his brother controlled Airline Foods. Petitioner's returns described his occupation as "executive," and he devoted his time predominantly to the various food ventures in which he was interested. About 1946 petitioner and his brother purchased all the stock of Hulseberg & Krudener, Inc., a corporation engaged in the food distribution business. They expected to use Hulseberg & Krudener, Inc. as an outlet for some of the products manufactured by Airline Foods. However, the Hulseberg & Krudener venture did not turn out well, and it was ultimately liquidated about 1950. Opinion RAUM, Judge: Petitioner contends that he made loans to Hulseberg & Krudener, Inc., in the aggregate of $7,998.20, that these were "business" loans, and that they became worthless in 1948. The burden of proof was on the petitioner and we think that the burden has not been carried. In an attempt to prove that the alleged loans were "business" loans, petitioner sought to show that he was in the business of buying up food corporations that were in poor condition, putting them on their feet, and then selling them at a profit. The evidence on this *148 was extremely weak. Petitioner was not in the lending business, or in the business of buying and selling food corporations, or in the business of financing food corporations, although he had substantial investments in food businesses and was active in their operation. He was an executive in the food business, and his loans (if they be such, rather than capital contributions - a matter that is by no means clear on the evidence) cannot be treated as "business" loans under well settled authority. Cf. Dalton v. Bowers, 287 404; ; ; , affirmed per curiam, (C.A. 3); (C.A. 2); (C.A. 2); (C.A. 2); ; ; ; ; ; ; *149 S. D. Ferguson, 28 T.C. -. Moreover, it is not clear on the evidence that the alleged loans became worthless in 1948. We must conclude that petitioner has failed to carry his burden of proof, and the Commissioner's determination must therefore be sustained. Decision will be entered for the respondent.